UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JARED SPOTTEDBEAR and JOANN SPOTTEDBEAR,<br><br>                                Plaintiffs,<br>     v.<br>SEAN SHEAHAN, *et al.*,<br><br>                                Defendants. | Case No. 3:18-cv-00374-MMD-CBC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE CARLA B. CARRY |

Before the Court is the Report and Recommendation of United States Magistrate Judge Carla B. Carry (ECF No. 8) ("R&R") relating to Plaintiffs Jared and Joann Spottedbear's application to proceed *in forma pauperis* (ECF No. 1) and *pro se* Complaint (ECF No. 1-1). Plaintiffs had until March 8, 2019, to file an objection. (ECF No. 8.) To date, no objection to the R&R has been filed.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D.

Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Carry's R&R. Judge Carry recommended granting Plaintiffs' application to proceed *in forma pauperis* because Plaintiffs cannot pay the filing fee. (ECF No. 8 at 1.) Judge Carry further recommended dismissing Plaintiffs' claims against the Reno Justice Court and the Second Judicial District based on Eleventh Amendment immunity. (*Id.* at 4.) Judge Carry recommended dismissing Plaintiffs' claims under 42 U.S.C. § 1983 against Tinder and Facebook because those Defendants are not government actors. (*Id.* at 5.) Judge Carry recommended dismissing the remaining claims against the Washoe County Sheriff's Office, Defendant Sean Sheahan, and Defendant Monique Settwongse without prejudice and with leave to amend because Plaintiffs failed to explain how each Defendant is connected to Plaintiffs' harm. (ECF No. 8 at 5-8.) Upon reviewing the R&R and the proposed Complaint, this Court finds good cause to accept and adopt the Magistrate Judge's R&R in full.

It is therefore ordered, adjudged, and decreed that the Report and Recommendation of Magistrate Judge Carla B. Carry (ECF No. 8) is accepted and adopted in its entirety.

It is ordered that Plaintiffs' application to proceed *in form pauperis* (ECF No. 1) is granted.

It is further ordered that the Clerk detach and file Plaintiffs' Complaint (ECF No. 1-1).

///

///

It is further ordered that the Complaint is dismissed with prejudice as to the following Defendants: the Reno Justice Court, the Second Judicial District, Facebook, and Tinder.

It is further ordered that the Complaint is dismissed without prejudice and with leave to amend as to claims against the following Defendants: the Washoe County Sheriff's Office, Sean Sheahan, and Monique Settwongse.

The Clerk of the Court is instructed to send Plaintiffs a copy of the civil rights complaint form.

It is further ordered that Plaintiffs may file an amended complaint, no longer than twenty pages, if they believe additional true factual allegations would state a claim, within 30 days from the date of service of this order. Plaintiffs' failure to file an amended complaint within this prescribed time frame will result in dismissal of this action with prejudice.

DATED THIS 13th day of March 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE