UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JERED LEE SPOTTED BEAR and JOANN SPOTTED BEAR,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SEAN SHEAHAN, *et al.*,<br><br>　　　　　　Defendants. | 3:18-cv-00374-MMD-CBC<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

Before the court is Plaintiffs' Jared and Joann Spottedbear's (collectively referred to as "Plaintiffs") first amended complaint. (ECF No. 12). Having thoroughly reviewed the record, the Court recommends that the first amended complaint ("FAC") be dismissed with prejudice and without leave to amend for the reasons stated below.

## I.　PROCEDURAL HISTORY

Proceeding *pro se*, Plaintiffs filed the instant civil rights action pursuant to 42 U.S.C. § 1983 alleging various claims against numerous Defendants. (ECF No. 1.) Pursuant to 28 U.S.C. § 1915A(a), the Court screened Plaintiffs' complaint February 22, 2019. (ECF No. 8.) The Court determined the claims against the Reno Justice Court, the Second Judicial District Court, Facebook, and Tinder, failed as a matter of law and were dismissed with prejudice and without leave to amend. (*Id.*) The Court also determined the claims against the Washoe County Sheriff's Office, Sean Sheahan and M.S.[2] failed to state a decipherable claim and to comply with Rule 8 of the Federal Rules

---

[1]　This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]　M.S. is an alleged victim of a sexual crime; therefore, the court will use initials in this order.

of Civil Procedure. (*Id.*) These claims were dismissed without prejudice and with leave to amend. (*Id.*)

In the initial screening order, the Court advised Plaintiffs they needed to explain how each defendant was connected to Plaintiffs' harm and what allegations they were making against each defendant. (*Id.*) Furthermore, the Court advised Plaintiffs they needed to state, in a short and plain statement, factual allegations sufficient to put the defendants on notice. (*Id.*)

On March 22, 2019, Plaintiffs filed a First Amended Complaint ("FAC"). (ECF No. 12.) The FAC names the following defendants: Sean Sheahan, M.S., Tinder Adult Site[3], and the Washoe County Sheriff's Office (collectively referred to as "Defendants"). The Court will now re-screen Plaintiffs' FAC to determine whether Plaintiffs have stated a cognizable claim for relief.

## II.   LEGAL STANDARD

Federal courts must screen *in forma pauperis* complaints and amended complaints pursuant to 28 U.S.C. §1915. Specifically, federal courts are given the authority to dismiss a case if the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. *See Hamilton v. Brown*, 630 F.3d 889, 892-93 (9th Cir. 2011). When the Court reviews a complaint under this standard, it accepts as true all the plaintiff's allegations and construes the complaint in the light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The Court takes particular care when reviewing the pleadings of a *pro se* party. In this

---

[3]   In the first screening order (ECF No. 8) Tinder was dismissed with prejudice from this suit. Accordingly, the Court will not address Plaintiffs' arguments regarding Tinder.

instance, a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010). This Court is to "construe *pro se* filings liberally . . . and to 'afford the petitioner the benefit of any doubt.'" *Id.*

Although the standard is broad, it is not limitless. Despite the leniency afforded to *pro se* plaintiffs, the Court need not accept as true conclusory allegations, unwarranted deductions, or unreasonable inferences. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). Further, the complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Stated differently, the complaint must allege sufficient facts to state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 555).

**III.   DISCUSSION**

The Court takes the facts from Plaintiffs' complaint as true and has discerned the substance of the complaint as best possible. Plaintiffs allege M.S., a fifteen year old girl, lied to the police about having sex with Jared Spottedbear and she actually had sex with another man, which the police failed to investigate. (ECF No. 12 at 3.) The police "used their guns and badges" to "[a]buse [sic] the Federal Law of International Treaty Agreement" and violate the Patriot Act regarding Jared Spottedbear's case. (*Id.*) As a result, Plaintiffs allege Jared Spottedbear has suffered "mental emotional physical and inhuman abuse." (*Id.* at 3-4.) Additionally, Plaintiffs assert they and the Court have agreed to the 1851 Fort Laramie treaty, which was violated in the matters at issue. (*Id.* at 1-6.)

The complaint fails to state a claim.

A.   <u>Failure to State a Claim</u>

After reviewing Plaintiffs' first amended complaint, the Court finds the proposed amended claims did not cure the pleading deficiencies identified in the Screening Order.

3

(ECF No. 8.) The FAC recycles the same conclusory allegations the Court informed Plaintiffs were insufficient as a matter of law. (*Id.*)

Plaintiffs' FAC still fails to comply with Federal Rule of Civil Procedure 8(a) and 8(d). Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) **a short and plain statement of the claim showing the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Rule 8(d)(1) provides: "Each allegation **must be simple, concise, and direct.** No technical form is required." (Emphasis added). Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Department of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995). If a plaintiff fails to clearly and concisely set forth allegations sufficient to provide defendants notice of which defendant is being sued on which theory and what relief is being sought, the complaint fails to comply with Rule 8. *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint. *See McHenry*, 84 F.3d at 1179.

Here, it remains unclear the number of claims Plaintiffs' purport to raise in the FAC and the legal basis for each claim. Plaintiffs' briefly mention the Patriot Act and the Treaty of Fort Laramie 1851, (ECF No. 12 at 2-3), and provide a bullet point list including "[o]ath of [o]ffice [n]eglect aka Marinda rights; [t]reason of [t]reaty; [g]enocide; [k]id [n]aping; [w]ith holding Federal Information of the FCC air waves [sic] [u]sing TINDER ADULT WEB SITE." (*Id.* at 1.) The FAC goes on to loosely detail the facts surrounding Jared Spottedbear's arrest and conviction, but fails to make anything other than vague allegations. (*Id.* at 1-7.) As the Court has advised Plaintiffs, vague allegations are

insufficient to meet Plaintiffs' obligation setting forth simple, concise, and direct allegations that each named defendant took action, participated in another's action or failed to take an action that they were required to, causing a constitutional violation. It is impossible for each defendant to determine what the legal or factual basis of Plaintiffs' claims may be.

Given Plaintiffs' continued failure to cure the pleading deficiencies, and the lack of any identifiable claim for relief in the FAC, the Court will recommend leave to amend these claims be denied as futile. *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (affirming denial of leave to amend where plaintiff was given the opportunity to amend its complaint and failed to cure deficiencies). Therefore, the Court recommends that this case be dismissed with prejudice and without leave to amend.

## IV.   CONCLUSION

The Complaint fails to state a claim for relief and fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Court, therefore, concludes that dismissal with prejudice and without leave to amend is warranted.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of judgment.

## V.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiffs' First Amended Complaint (ECF No. 12) be **DISMISSED WITH PREJUDICE, WITHOUT LEAVE TO AMEND**;

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED**: August 14, 2019.

_____
**UNITED STATES MAGISTRATE JUDGE**